GRIFFIS, J.,
for the Court.
¶ 1. Henry Little sued Sandra Davis, his former wife, in the Chancery Court of Hinds County seeking to terminate child support payments because both children had reached the age of majority. Davis counterclaimed seeking support for the children while in college. The trial court granted Little’s motion for summary judgment, finding that both children were over the age of twenty-one and there was no agreement between the parties providing for post-emancipation child support payments. Davis now appeals. Finding no error, we affirm.
FACTS
¶2. Little and Davis were granted a divorce on the grounds of irreconcilable differences on September 19, 1995. The parties entered into a valid written agreement regarding child custody and support which gave Davis custody of the two minor children and required Little to pay $600 per month in child support. Little also agreed to continue providing medical and dental insurance for the children.
¶ 3. On March 5, 2003, Little filed a petition to modify the final judgment of divorce. Little asserted that there had *1088 been a material change in circumstances in that both children were twenty-one years of age or older, as of February 18, 2003, and that he should be relieved of his obligation to pay child support and provide insurance. On March 10, 2003, Davis answered Little’s petition and counterclaimed for additional support for the children, asserting that the children’s needs had increased because they were in college.
¶ 4. On March 13, 2003, Little answered Davis’ counterclaim. Little asserted that the Merrill Lynch account awarded to Davis during the divorce was to be used for the children’s education. Little also asserted that the parties intended that account to constitute Little’s contribution toward the children’s educational expenses and that it was understood that he would be under no future obligation for his children’s education.
¶ 5. On July 10, 2003, Little moved for summary judgment which was granted by order dated August 26, 2003. The chancellor found (1) that the children were twenty-one years old or older; (2) that courts have no authority to require a parent to continue child support payments post-emancipation without a written agreement to the contrary; (3) that no written agreement providing for post-emancipation child support payments exists; and (4) that Little is relieved of his duty to make child support payments as of February 18, 2003, the date of the youngest child’s twenty-first birthday. Aggrieved by this order, Davis now appeals asserting as error the following issues: (1) the fact that the minor children have now reached an age of twenty-one is irrelevant if there is a written document wherein the parties consented and agreed that child support would remain in full force and effect until further order of the court; and (2) that the trial court made an ex post facto ruling in applying its ruling retroactively to the date of the youngest child’s twenty-first birthday.
STANDARD OF REVIEW
¶ 6. This Court reviews the grant or denial of summary judgment de novo. Hardy v. Brock, 826 So.2d 71, 74 (¶ 14) (Miss.2002) (citing Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist., 743 So.2d 311, 314 (¶ 11) (Miss.1999)). The burden of demonstrating that no genuine issue of fact exists is on the moving party. The non-movant is therefore given the benefit of the doubt. Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (¶ 10) (Miss.2001). In conducting the de novo review, the Court considers all evidentiary matters before the trial court, including admissions in pleadings, answers to interrogatories, depositions, and affidavits. Lee v. Golden Triangle Planning & Dev. Dist., Inc., 797 So.2d 845, 847(¶ 5) (Miss.2001) (citing Aetna Cas. & Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)).
ANALYSIS
¶ 7. Absent an agreement to the contrary, a parent is not required to provide for the care and maintenance of his child after that child reaches the age of majority. Nichols v. Tedder, 547 So.2d 766, 770 (Miss.1989). In Mississippi, for purposes of child care and maintenance orders issued pursuant to Miss.Code Ann. §§ 93-5-23 (Supp.2003) and 93-11-65 (Supp.2003), the age of majority is twenty-one. Nichols, 547 So.2d at 771.
¶ 8. The record indicates that the parties did not have a written agreement providing for post-emancipation child support payments. The “Agreement for the Custody and Maintenance of Minor Children and Settlement of Property Rights” which was incorporated into the final decree of divorce made no provision for such *1089 payments. We also find that both children are twenty-one years of age or older. As such, the chancellor was correct in finding that Little no longer had an obligation to make child support payments.
¶ 9. Davis next asserts that the chancellor’s ruling was an impermissible ex post facto ruling in that it relieved Little of his obligation to make child support payments as of February. 18, 2003, which was prior to the date of the order. The chancellor’s ruling did not violate the ex post facto doctrine, because no child support payments were due past the children’s twenty-first birthdays which occurred on February 18, 2003. This was true even before the chancellor issued her ruling, because Little’s obligation terminated once the children reached the age of majority.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.